NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1669
_____

UNITED STATES OF AMERICA EX REL.
ROBERT P. BAUCHWITZ, M.D., PH.D.,
Appellant

v.

WILLIAM K. HOLLOMAN, PH.D;
CORNELL UNIVERSITY MEDICAL COLLEGE;
ERIC B. KMIEC, PH.D; THOMAS JEFFERSON UNIVERSITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-04-cv-02892)
District Judge:  Honorable Timothy J. Savage

Submitted Under Third Circuit LAR 34.1(a)
October 25, 2016

BEFORE:  VANASKIE, KRAUSE, and NYGAARD, *Circuit Judges*

(Filed: November 29, 2016)
_____

OPINION[*]
_____

NYGAARD, *Circuit Judge.*

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In June of 2004, Appellant, Robert P. Bauchwitz, filed a *qui tam* action against William K. Holloman, Cornell University Medical College, Eric B. Kmiec, and Thomas Jefferson University. This appeal purportedly springs from a show cause hearing that took place on October 17, 2005 and concerned Appellant's counsel's request to withdraw representation. Although this hearing was entered on the docket, no transcript was ever produced nor does it appear from the docket that one was ever contemporaneously requested. In December of 2009, the District Court granted summary judgment to Thomas Jefferson University and Dr. Kmiec, but denied the same to Cornell University Medical College and Dr. Holloman. *See United States ex rel. Bauchwitz v. Holloman et al.*, 671 F.Supp.2d 674 (E.D. Pa. 2009). In April of 2010, the District Court dismissed the remaining case with prejudice by stipulated order. No appeal was taken from that dismissal.

Appellant alleges that he sought to obtain a transcript of the show cause hearing through contact with the District Court Clerk's Office. The Clerk's Office informed Appellant in September of 2012 of an equipment malfunction and that there were no court reporters notes available from the hearing. Appellant then filed a motion requesting access to the court reporter's original stenographic record and/or untranscribed recordings of the October 17, 2005 hearing. The District Court held a hearing on that request which was denied a few months later. Appellant has appealed the denial of that motion.[1]

---

[1] Shortly after the Notice of Appeal was filed, Thomas Jefferson University, Cornell College of Medicine, Eric Kmiec and William Holomon informed us that they would not be participating in this appeal and indicated their belief that Appellant's arguments were an exercise in futility.

On appeal, Appellant contends that he has a First Amendment right of access to a transcript of the hearing and, if the Court cannot provide that, this right of access extends to any "storage media" on which the hearing record may be stored. Appellant's Br. at 7. Accordingly, Appellant argues that he should be permitted to have a forensic expert investigate any such media that is in the Clerk's office possession in order to attempt to extract the lost data and recreate the hearing transcript. In denying relief, the District Court noted that "there is no storage medium that can be used to create a transcript of the hearing," and it could not provide Appellant something that does not exist. Specifically, the District Court determined that the notes and hearing testimony were never transcribed. The scant record on appeal likewise provides us no basis to grant relief. Eleven years has passed since the hearing date; six years have passed since the case was dismissed with prejudice; the court reporter has long since retired; and the stenographic equipment no longer functions. Thus, the District Court's determination that the information Appellant seeks does not exist is credible.

And even if Appellant's First Amendment right of access to judicial documents extended to the storage media he seeks, he has no right of access to storage equipment that is not within the court's files. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 782 (3d Cir. 1994) (observing that "even where there is no dispute that documents were at one time judicial records, once such documents are no longer part of the court file they lose their status as judicial records"). Therefore, the District Court did not err by denying the Appellant's request for access to a non-existent stenographic record, and we will affirm.